CLAFLIN *& a.* v. BATCHELDER.

RICHARDSON *& a.* v. SAME.

A conveyance of land made for a good consideration, and without fraud, will not be set aside in favor of creditors of the grantor because the consideration paid was less than the real value of the land.

Real actions to recover land set off to the plaintiffs on executions against the defendant's wife, amounting to some $300. Facts found by the court.

In February, 1885, the wife was the owner of one half of the homestead place then and ever since occupied by her husband and herself, and, being desirous of going into trade with one Holt, she agreed with the defendant that if he would furnish her $500 for this purpose she would convey to him her half of the homestead premises.    In pursuance of this agreement he did furnish her with the sum of $510.48 prior to June 22 of that year, and she went into partnership with Holt under the firm name of Holt & Batchelder.    This partnership was dissolved on said June 22.

August 10, 1885, upon the above consideration, Mrs. Batchelder, through a trustee, conveyed her half of the homestead to the defendant.

The value of the part so conveyed was $900. The conveyance was given and taken in good faith, in performance of the bargain under which the money was furnished by the defendant. August 20 the plaintiffs attached the premises for debts against Holt & Batchelder contracted prior to the conveyance, and they now contend that as against them the conveyance was fraudulent and invalid. If it was, they are to have judgment; otherwise, judgment is to be for the defendant.

*Daniel Barnard*, for the plaintiffs.

*Sanborn & Hardy*, for the defendant.

CLARK, J.   The deed of August 10, 1885, was made in pursuance of a previous agreement, which had been fully performed on the part of the defendant. The defendant was a *bona fide* purchaser. The fact is found that the conveyance was made in good faith, upon a valuable consideration, and with no notice of the existence of any creditors of the grantor. Such a sale is valid against everybody.

*Judgment for the defendant.*

BLODGETT, J., did not sit: the others concurred.